# EXHIBIT 51

# Valuing a Business

## The Analysis and Appraisal of Closely Held Companies

Fifth Edition

Shannon P. Pratt, CFA, FASA, MCBA, MCBC, CM & AA
Chairman and CEO
*Shannon Pratt Valuations, Inc.*

Alina V. Niculita, CFA, MBA
President and COO
*Shannon Pratt Valuations, Inc.*

Mc Graw Hill

New York • Chicago • San Francisco • Lisbon • London
Madrid • Mexico City • Milan • New Delhi • San Juan
Seoul • Singapore • Sydney • Toronto

EXHIBIT
PENGAD 800-631-6989
WT 30
5-17-19 fu

The McGraw·Hill Companies

Copyright © 2008 by The McGraw-Hill Companies, Inc. All rights reserved. Printed in the United States of America. Except as permitted under the United States Copyright Act of 1976, no part of this publication may be reproduced or distributed in any form or by any means, or stored in a data base or retrieval system, without the prior written permission of the publisher.

8 9 0 QVS/QVS 1 0 9 8 7 6 5 4

ISBN 978-0-07-144180-3
MHID 0-07-144180-8

Printed In The United States Of America

This publication is designed to provide accurate and authoritative information in regard to the subject matter covered. It is sold with the understanding that the publisher is not engaged in rendering legal, accounting, or other professional service. If legal advice or other expert assistance is required, the services of a competent professional person should be sought.

*—From a declaration of principles jointly adopted by a committee of the American Bar Association and a committee of publishers.*

McGraw-Hill books are available at special quantity discounts to use as premiums and sales promotions, or for use in corporate training programs. For more information, please write to the Director of Special Sales, Professional Publishing, McGraw-Hill, Two Penn Plaza, New York, NY 10121-2298. Or contact your local bookstore.

dividends, or other relevant variables, if such data are available. It is important to know the valuation date when using guideline companies in the valuation so that the guideline transaction data can be compiled as of the valuation date, or as near to it as is practically possible.

Sometimes there is more than one valuation date. For example, in a marital dissolution, the parties may be concerned with the change in value that occurred during the marriage. In estate tax cases, the trustee, executor, or personal representative will consider adopting the "alternative valuation date" (i.e., six months after the date of death) to determine which is more advantageous and thus would be interested in the value of the estate's property on two dates six months apart.

In some litigated cases, the valuation date itself is an issue to be resolved by the court. In such situations, the appraiser must be prepared to address the valuation as of several dates, sometimes without knowing which date the court determined to be relevant until after the judgment is rendered. Since the choice of valuation date in such cases is a legal matter, the attorney for whom the expert appraiser testifies should take the responsibility, as part of defining the assignment, of considering all the potentially applicable valuation dates and instructing the appraiser to be prepared to address the value as of each date. Sometimes a court will give an advance ruling on the valuation date to avoid the expense of appraisers doing valuations as of dates that the court will not deem relevant.

## Purpose of the Appraisal

*No single valuation method is universally applicable to all appraisal purposes.* The context in which the appraisal is to be used is a critical factor.

Different statutory, regulatory, and case precedent standards govern valuations of businesses and business interests under various jurisdictions for diverse purposes. *Many business appraisals fail to reach a number representing the appropriate definition of value because the appraiser failed to match the valuation methods to the purpose for which it was being performed. The result of a particular appraisal can also be inappropriate if the client attempts to use the valuation conclusion for some purpose other than the intended one.*

Valuation reports should contain a set of limiting conditions, and one of the typical limiting conditions is as follows:

> This valuation is valid only for the valuation date or dates specified herein and only for the valuation purpose or purposes specified herein. No other purpose is intended or should be inferred.

Litigation over business valuation is commonplace. Much of this litigation arises because the parties have failed to match the valuation methods to the appraisal's intended purpose.

The purpose of the valuation encompasses the use to which the valuation exercise is expected to be put. Subsequent chapters of this book explore how valuation methods are impacted by special and specific purposes to which the valuation analysis may be put (Part VII). Valuations for each of these different purposes are often affected by a mass of complex federal and state statutes and legal precedents.

A valuation conclusion prepared for one purpose may not be the appropriate valuation conclusion for another purpose. The purpose of the valuation often

determines the applicable standard of value—that is, the definition of value being sought—and almost always influences it. Standards of value are discussed in the next section, and an exhibit following that section illustrates the matching of certain valuation purposes with applicable standards of value.

## Standards of Value

The word *value* means different things to different people. Even to the same person, value means different things in different contexts, as we discussed in the previous section.

Without carefully defining the term *value*, the conclusions reached in the valuation report have no meaning.

Is the objective of the valuation to estimate fair market value, market value, fair value, true value, investment value, intrinsic value, fundamental value, insurance value, book value, use value, collateral value, ad valorem value, or some other value?

Clients rarely give it much thought. Many don't have enough technical background in business valuation to raise the right questions. One of the professional appraiser's most important tasks is to work carefully and thoroughly with the client and/or attorney to arrive at a definition of value that is appropriate to the specific purpose of the valuation engagement.

In this book, a *standard of value* is a definition of the type of value being sought. A *premise of value* is an assumption as to the set of actual or hypothetical transactional circumstances applicable to the subject valuation (e.g., going-concern or liquidation).

For many situations, the standard of value is legally mandated, whether by law or by binding legal documents or contracts. In other cases, it is a function of the wishes of the parties involved. The standard of value usually reflects an assumption as to who will be the buyer and who will be the seller in the hypothetical or actual sales transaction regarding the subject assets, properties, or business interests. It defines or specifies the parties to the actual or hypothetical transaction. In other words, the standard of value addresses the questions: "value to whom?" and "under what circumstances?" The standard of value, either directly by statute or (more often) as interpreted in case law, often addresses what valuation methods are appropriate and what factors should or should not be considered.

### Fair Market Value

In the United States, the most widely recognized and accepted standard of value related to business valuations is *fair market value*. With regard to business valuations, it is the standard that applies to virtually all federal and state tax matters, such as estate taxes, gift taxes, inheritance taxes, income taxes, and ad valorem taxes. It is also the legal standard of value in many other—though not all—valuation situations.

*Fair market value* is defined by the ASA as "the amount at which property would change hands between a willing seller and a willing buyer when neither is

acting under compulsion and when both have reasonable knowledge of the relevant facts."[6] This definition comports to that found in the Internal Revenue Code and Revenue Ruling 59-60.

In most interpretations of fair market value, the willing buyer and willing seller are hypothetical persons dealing at arm's length, rather than any particular buyer or seller. In other words, a price would not be considered representative of fair market value if influenced by special motivations not characteristic of a typical buyer or seller.

There is also general agreement that the definition implies that the parties have the ability as well as the willingness to buy or to sell. The *market* in this definition can be thought of as all the potential buyers and sellers of like businesses or practices.

The concept of fair market value also assumes prevalent economic and market conditions at the date of the particular valuation. You have probably heard someone say, "I couldn't get anywhere near the value of my house if I put it on the market today," or, "The value of XYZ Company stock is really much more (or less) than the price it's selling for on the New York Stock Exchange today." The standard of value that those people have in mind is some standard *other than* fair market value, since the concept of fair market value means the price at which a transaction could be expected to take place under *conditions existing at the valuation date*.

The terms *market value* and *cash value* are frequently used interchangeably with the term *fair market value*. The use of these essentially synonymous standard of value terms is often influenced by the type of asset, property, or business interest subject to valuation.

In the United States, the most widely recognized and accepted standard of value related to real estate appraisals is *market value*. The Appraisal Foundation defines *market value* as follows:

> MARKET VALUE: Market value is the major focus of most real property appraisal assignments. Both economic and legal definitions of market value have been developed and refined. A current economic definition agreed upon by agencies that regulate federal financial institutions in the United States of America is:
>
>> The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:
>>
>> 1. buyer and seller are typically motivated;
>> 2. both parties are well informed or well advised, and acting in what they consider their best interests;
>> 3. a reasonable time is allowed for exposure in the open market;
>> 4. payment is made in terms of cash in United States dollars or in terms of financial arrangements comparable thereto; and

[6] American Society of Appraisers, Business Valuation Standards—Definitions.

> 5. the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.
>
> Substitution of another currency for United States dollars in the fourth condition is appropriate in other countries or in reports addressed to clients from other countries.
>
> Persons performing appraisal services that may be subject to litigation are cautioned to seek the exact legal definition of market value in the jurisdiction in which the services are being performed.[7]

The most salient change in the above definition of market value compared with definitions widely accepted a few years ago is the phrase "the most probable price" in substitution for "the highest price."

## Investment Value

In real estate terminology, investment value is defined as "the specific value of an investment to a particular investor or class of investors based on individual investment requirements; distinguished from market value, which is impersonal and detached."[8] Fortunately, business appraisal terminology embraces the same distinction in most contexts.

One of the leading real estate appraisal texts makes the following comments regarding the distinction between market value and investment value:

> Investment value reflects the subjective relationship between a particular investor and a given investment. It differs in concept from market value, although investment value and market value indications sometimes may be similar. If the investor's requirements are typical of the market, investment value will be the same as market value.[9]

The distinctions noted in the above quote can be carried over to business appraisal. There can be many valid reasons for the *investment value* to one particular owner or prospective owner to differ from the fair market value. Among these reasons are:

1. Differences in estimates of future earning power
2. Differences in perception of the degree of risk and the required rate of return
3. Differences in financing costs and tax status
4. Synergies with other operations owned or controlled

The discounted economic income valuation method can easily be oriented toward developing an investment value. Whether or not the value thus developed also represents fair market value depends on whether the assumptions used would be accepted by a consensus of market participants.

---

[7] *Uniform Standards of Professional Appraisal Practice* (Washington, DC: The Appraisal Foundation, 2006).
[8] *The Dictionary of Real Estate Appraisal*, 4th ed. (Chicago: Appraisal Institute, 2002), p. 152.
[9] *The Appraisal of Real Estate*, 12th ed. (Chicago: Appraisal Institute, 2001).

If sound analysis leads to a valid conclusion that the investment value to the current owner exceeded market value at a given time, the rational economic decision for that owner would be to not sell until a particular buyer is found who is willing to pay the investment value that is higher than the consensus of value among a broader group of typical buyers.

Of course, the concept of investment value as described above is not completely divorced from the concept of fair market value, since it is the actions of many specific investors, acting in the manner just described, that eventually lead to a balancing of supply and demand through the establishment of an equilibrium market price that represents the consensus value of the collective investors.

## Intrinsic or Fundamental Value

*Intrinsic value* (sometimes called *fundamental value*) differs from *investment value* in that it represents an analytical judgment of value based on the perceived characteristics inherent in the investment, not tempered by characteristics peculiar to any one investor, but rather tempered by how these perceived characteristics are interpreted by one analyst versus another.

In the analysis of stocks, *intrinsic value* is generally considered the appropriate price for a stock according to a security analyst who has completed a *fundamental analysis* of the company's assets, earning power, and other factors.

> *Intrinsic value*. The amount that an investor considers, on the basis of an evaluation of available facts, to be the "true" or "real" worth of an item, usually an *equity security*. The value that will become the market value when other investors reach the same conclusions. The various approaches to determining intrinsic value of the *finance* literature are based on expectations and discounted cash flows. See *expected value; fundamental analysis; discounted cash flow method*.[10]
>
> *Fundamental analysis*. An approach in security analysis which assumes that a security has an "intrinsic value" that can be determined through a rigorous evaluation of relevant variables. Expected earnings is usually the most important variable in this analysis, but many other variables, such as dividends, capital structure, management quality, and so on, may also be studied. An analyst estimates the "intrinsic value" of a security on the basis of those fundamental variables and compares this value with the current market price of this security to arrive at an investment decision.[11]
>
> The purpose of security analysis is to detect differences between the value of a security as determined by the market and a security's "intrinsic value"—that is, the value that the security *ought* to have and will have when other investors have the same insight and knowledge as the analyst.[12]

If the market value is below what the analyst concludes is the intrinsic value, the analyst considers the stock a "buy." If the market value is above the assumed

[10] W.W. Cooper and Yuri Ijiri, eds., *Kohler's Dictionary for Accountants*, 6th ed. (Englewood Cliffs, NJ: Prentice Hall, 1983), p. 285. Reprinted by permission of Prentice Hall, Inc., Upper Saddle River, New Jersey.

[11] Ibid., p. 228.

[12] James H. Lorie and Mary T. Hamilton, *The Stock Market: Theories and Evidence* (Burr Ridge, IL: Irwin, 1973), p. 114.